1
2

**BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)

3

2255 Calle Clara
La Jolla, CA 92037

4

Telephone: (858) 551-1223
Facsimile: (858) 551-1232

5

Website: www.bamlawca.com

6

**BUTTERFIELD SCHECHTER LLP**
  Marc S. Schechter (State Bar #116190)
  Corey F. Schechter (State Bar #279964)

7

10021 Willow Creek Road, Suite 200
San Diego, CA 92131

8

Telephone: (858) 444-2300
Facsimile: (858) 444-2345

9

Website: www.bsllp.com

10

Attorneys for Plaintiff

11

12

**UNITED STATES DISTRICT COURT**

13

**SOUTHERN DISTRICT OF CALIFORNIA**

14

15
16

CARLOS SILVA, an individual, on behalf of himself, and on behalf of all persons similarly situated,

Case No. **'17 CV 2099 LAB JLB**

17

**CLASS ACTION COMPLAINT FOR:**

18

Plaintiff,

1. DECLARATORY RELIEF UNDER ERISA;

19

vs.

20

C.R. ENGLAND, INC., a Utah Corporation; C.R. ENGLAND, INC. PROFIT SHARING;

2. INJUNCTIVE RELIEF;

21

3. CLAIM FOR BENEFITS UNDER ERISA §502(a)(1)(B);

22

ADMINISTRATIVE COMMITTEE OF THE C.R. ENGLAND, INC. PROFIT SHARING; C.R. ENGLAND, INC. HEALTH AND WELFARE BENEFIT PLAN;

4. BREACH OF FIDUCIARY DUTY UNDER ERISA §§ 409, 502(a)(2) and (3), 404, and 405; and

23

24

ADMINISTRATIVE COMMITTEE OF THE C.R. ENGLAND, INC. HEALTH AND WELFARE BENEFIT PLAN,

5. CLAIM TO ENJOIN ACTS OR PRACTICES IN VIOLATION OF ERISA AND FOR OTHER APPROPRIATE RELIEF UNDER ERISA §502(a)(3).

25

26

Defendants.

27

28

00334636.WPD

CLASS ACTION COMPLAINT
-1-

Plaintiff Carlos Silva ("Plaintiff"), an individual, on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## SUMMARY OF THE ACTION

1.    Congress enacted the Employee Retirement Income Security Act ("ERISA") to provide basic protections for employees with respect to employee benefits plans offered by their employers.  See 29 U.S.C. §1001(a).  Congress explicitly found that the protections in ERISA were necessary because many employees, despite years of employment, were losing their anticipated retirement benefits because their employers' plans lacked vesting provisions. *Id.*

2.    The Defendants in this case (collectively referred to as "Defendants") engaged in a scheme to undermine ERISA's protections, including its vesting requirements, and deny or otherwise limit benefits the law requires.  Plaintiff brings this class action complaint, on behalf of himself and all others similarly situated, to end Defendants' illegal and abusive practices.

3.    Plaintiff brings this action as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), defined as all individuals who worked for Defendant C.R. England, Inc. ("C.R. England" or "CRE") in the United States as truck drivers and who were classified by CRE as independent contractors ("Truck Drivers" or the "Class") beginning on the date established by the Court's determination of any applicable statute of limitations, after consideration of any tolling and accrual issues, and ending on a date determined by the Court (the "Class Period").

4.    C.R. England has employed thousands of Truck Drivers across the country to provide transportation services on behalf of C.R. England.

5.    C.R. England promises its Truck Drivers that it will treat them as "independent contractors," extolling the virtues of, and the rewards that come with,

business ownership.

6.    But C.R. England never honors its promise of independence because it retains a right to exercise control over the manner and means by which the Truck Drivers conduct every material aspect of their business.

7.    For example, C.R. England requires that its Truck Drivers exclusively transport goods for C.R. England only and exclusively controls pick-up and delivery locations.  C.R. England also controls compensation and the routes the Truck Drivers must take when delivering goods for C.R. England.

8.    Regardless of how C.R. England characterizes its relationship with its Truck Drivers, it hires them as at-will employees for an unlimited duration, giving both C.R. England and its Truck Drivers the ability to terminate the employment relationship at any time.

9.    As a result of misclassification and improper characterization of its Truck Drivers as "independent contractors," the company fails to provide its Truck Drivers the same retirement, health, and other benefits it provides to all its other employees pursuant to several employee pension and welfare benefit plans–specifically, the C.R. England, Inc. Profit Sharing and the C.R. England, Inc. Health and Welfare Benefit Plan– established under and governed by ERISA (collectively, the "C.R. England Plans").

10.    By misclassifying its Truck Drivers as "independent contractors" rather than employees, C.R. England has not only unjustly enriched itself (by avoiding the business costs of extending ERISA-protected benefits to its Truck Drivers), but has also evaded and continues to evade compliance with state and federal laws (including ERISA) governing employee benefit plans.

11.    This lawsuit seeks:

(A)    A declaration that Plaintiff and Class Members are legal "employees" for all purposes, including, but not limited to ERISA;

(B)    A declaration that because Defendants excluded Plaintiff and the Class

from participating in the C.R. England Plans, the C.R. England Plans are not in compliance with ERISA and 26 U.S.C. §410(b), including the minimum coverage requirements;

(C)    Payment to Plaintiff and the Class of all amounts due under the C.R. England Plans as if they had complied with ERISA;

(D)    An order reforming the C.R. England Plans to include Plaintiff and the Class and to comply with ERISA and 26 U.S.C. §410(b), including the minimum coverage requirements, and requiring C.R. England to pay restitution in the form of a surcharge or otherwise credit Plaintiff and Class Members for all ERISA benefits to which they are retroactively entitled under the C.R. England Plans in order to be made whole and to prevent C.R. England's unjust enrichment;

(E)    An injunction barring C.R. England from continuing to misclassify the Class as "independent contractors" rather than "employees";

(F)    Removal of all fiduciaries of the C.R. England Plans found to have breached their fiduciary duties under ERISA, and for the appointment of successor fiduciaries pursuant to Plaintiff's selection and the court's approval; and

(G)    A permanent injunction enjoining the ERISA fiduciary-Defendants from serving as ERISA fiduciaries in the future.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over the ERISA claims under 29 U.S.C. §1132(e)(1) and over all other non-ERISA claims asserted in this action under 28 U.S.C. §1367. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2) as the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and at least one member of the class is a citizen of a state different from

Defendant.

13.     This Court is a proper venue under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in the judicial district; to wit, the benefits owed under ERISA were earned, due and owing to Plaintiff in this judicial district, which is where the Plaintiff was employed. This Court is also a proper venue under 29 U.S.C. §1332(e)(2) because the breaches of the Plan took place in this judicial district; to wit, Defendant failed to properly classify Plaintiff in this district as an "employee" and refused to extend to him ERISA benefits despite Plaintiff's employment in this district.

## PARTIES

14.     Plaintiff Carlos Silva was, during the relevant period, a Truck Driver for C.R. England who resides in Oceanside, California.  From January of 2012 to December of 2015, Plaintiff worked for C. R. England as a Truck Driver and was classified as an independent contractor and was not entitled to benefits under the C.R. England Plans.

15.     Defendant C.R. England, Inc. ("C.R. England" or "CRE") is a Utah corporation with its principal place of business located at 4701 W. 2100 S, Salt Lake City, UT 84120. For purposes of the C.R. England Plans, CRE is the employer (as defined in ERISA §3(5), 29 U.S.C. §1002(5)), the plan sponsor (as defined in ERISA 3(16)(B), 29 U.S.C. §3(16)(B)),  and the administrator (as defined in ERISA §3(16)(A), 29 U.S.C. §1002(16)(A)).  As such, CRE is a fiduciary to the C.R. England Plans under ERISA with the authority and duty to administer each of the C.R. England Plans in accordance with their respective terms, the Internal Revenue Code ("IRC") and ERISA.

16.     Defendant C.R. England, Inc. Profit Sharing is an employee benefit plan as defined in 29 U.S.C. §1002(3) that is both sponsored and administered by CRE.

17.     Defendant Administrative Committee of the C.R. England, Inc. Profit Sharing is an additional administrative body, appointed by CRE in its capacity as

employer, plan sponsor and/or administrator of the C.R. England, Inc. Profit Sharing, with the authority and duty to administer the C.R. England, Inc. Profit Sharing in accordance with its terms, the IRC and ERISA. It is a fiduciary to the C.R. England, Inc. Profit Sharing under ERISA.

18.     Defendant C.R. England, Inc. Health and Welfare Benefit Plan is an employee benefit plan as defined in 29 U.S.C. §1002(3) that is sponsored and administered by CRE.

19.     Defendant Administrative Committee of the C.R. England, Inc. Health and Welfare Benefit Plan is an additional administrative body, appointed by CRE in its capacity as employer, plan sponsor and/or administrator of the C.R. England, Inc. Health and Welfare Benefit Plan, with the authority and duty to administer the C.R. England, Inc. Health and Welfare Benefit Plan in accordance with its terms, the IRC and ERISA. It is a fiduciary to the C.R. England, Inc. Health and Welfare Benefit Plan under ERISA.

20.     Defendants C.R. England, Inc. Profit Sharing and C.R. England, Inc. Health and Welfare Benefit Plan are referred to collectively as "C.R. England Benefit Plan Defendants" throughout this complaint, unless specifically referred to by name.

21.     At all relevant times, C.R. England was engaged in transportation services in the United States, including the State of California.

## FACTS

**C.R. England Treats Its Trucks Drivers as "Employees"**
**and Not "Independent Contractors"**

22.     C.R. England employs thousands of Truck Drivers to exclusively transport goods on C.R. England's behalf.  Defendant also employs Truck Drivers that Defendant correctly classifies as employees who are entitled to benefits under the C.R. England Plans.  There are no material differences between the manner and method in which C.R. England controls the persons they employ as employee Truck Drivers and the persons

1  they employ as independent contractor Truck Drivers except that C.R. England deprives
2  the independent contractor Truck Drivers of receiving their benefits under the C.R.
3  England Plans.

4      23.    Each C.R. England Truck Driver working as an independent contractor
5  must sign the C.R. England Independent Contractor Agreement (the "Agreement") as a
6  mandatory condition of employment.

7      24.    The terms of the Agreement between each member of the Class and C.R.
8  England are the same in all material respects, and the Agreement for Plaintiff is
9  representative of the Agreements between C.R. England and each member of the Class.
10 Each Agreement contains statements purporting to classify Plaintiff and Class Members
11 as independent contractors.

12     25.    The Agreement is, and at all relevant times has been, a contract of
13 adhesion, drafted exclusively by C.R. England, who gives Plaintiff and other Class
14 Members no opportunity to negotiate or change any terms and who requires Plaintiff and
15 other Class Members to sign the Agreement as presented by C.R. England as a condition
16 of employment.

17     26.    Not only is the Agreement a contract of adhesion, but C.R. England refuses
18 to honor the Agreement to treat Plaintiff and other Class Members as "independent
19 contractors."

20     27.    When Plaintiff and Class Members do not follow a C.R. England policy or
21 procedure, whether disclosed or undisclosed, known or unknown, Plaintiff and Class
22 Members were subject to discipline by C.R. England, including termination of the
23 Agreement/employment.

24     28.    At all times relevant, C.R. England asserted control over virtually all
25 aspects of Plaintiff's and Class Members' work.

26     29.    To perform their job duties, Plaintiff and the other Class Members
27 performed work subject to the control of CRE in that CRE had the authority to exercise
28 complete control over the work performed and the manner and means in which the work

1    was performed.  CRE provided the loads that were transported by Plaintiff and other
2    Class Members, and CRE provided the routes to be driven and the destination for the
3    loads assigned to Plaintiff and other Class Members.  CRE controlled both the work
4    performed and the manner and means in which Plaintiff and the other Class Members
5    performed their work in that:

6         (a)    Plaintiff and other Class Members were not involved in a distinct
7    business, but instead were provided with instructions as to how to perform their work
8    and the manner and means in which the work was to be performed by means of CRE's
9    manuals and written instructions;

10        (b)    Plaintiff and other Class Members were continuously provided with
11   training and supervision, and received training from CRE as to how and in what way to
12   transport loads assigned to them by CRE in that no prior advanced skill or training other
13   than training by CRE was required to obtain this job;

14        (c)    CRE set the requirements as to what final results were expected in
15   regards to the transportation services performed by Plaintiff and other Class Members
16   and CRE implemented methods for Plaintiff and other Class Members to follow in order
17   to obtain CRE's desired results;

18        (d)    Plaintiff and other Class Members had no opportunity for profit or
19   loss because CRE only paid these employees based on the amount of miles they drove
20   for CRE and CRE controlled the particular load assignments Plaintiff and other Class
21   Members conducted on CRE's behalf.  Importantly, CRE did not allow Plaintiff and
22   other Class Members to use their trucks for any personal reasons and CRE also
23   prohibited Plaintiff and other Class Members from using these trucks to transport loads
24   for any other company besides CRE.

25        (e)    Plaintiff and other Class Members performed transportation services
26   which is part of CRE's principal business and is closely integrated with and essential to
27   the employer's business of providing transportation services to their customers;

28        (f)    Plaintiff and other Class Members performed their work in a

particular order and sequence in accordance with CRE's company policy;

(g)    CRE had the "right" to control every critical aspect of CRE's daily transportation operations in that CRE provided the customer, the haul, the route, and instructions to Plaintiff and other Class Members as to where to deliver the haul and deadlines for delivery.  Plaintiff and other Class Members delivered loads only to CRE's customers, which CRE controlled; and

(h)    Plaintiff and other Class Members were required by Defendant to place the company's logo on both the truck and the trailer while Plaintiff and other Class members were employed by CRE.

30.    As a result, stripped of all the legal fictions and artificial barriers to an honest classification of the relationship between Plaintiff and all the other Class Members on the one hand, and CRE on the other hand, Plaintiff and all the other Class Members are and were employees of CRE and not independent contractors of CRE and should therefore be properly classified as employees.

### Truck Drivers Are Improperly Excluded From Participation
### In the C.R. England Plans

31.    At all times relevant, C.R. England and its independent contractor Truck Drivers enjoyed a continuing employment relationship unlimited in time period where both C.R. England and its independent contractor Truck Drivers had the right to terminate the employment relationship.

32.    As a result of Defendants' misclassification of these workers as independent contractors, Plaintiff and the Class Members were deprived of the rights and protections guaranteed by state and federal law to employees, including their rights under ERISA.

33.    C.R. England provides benefits to current employees through the C.R. England Plans.  Specifically, C.R. England provides to current employees the C.R. England, Inc. Profit Sharing and the C.R. England, Inc. Health and Welfare Benefit Plan,

00334636.WPD

both of which are employee benefit plans subject to and governed by ERISA.

34.    All of CRE's employees are eligible to participate in the C.R. England Plans so long as they satisfy any applicable age and length-of-service requirements.

35.    Plaintiff and the Class members, had they been properly recognized as employees during their terms of service, would or could have been Participants and therefore have claims for vested benefits under ERISA.

36.    By their mischaracterization of Plaintiff and Class Members as "independent contractors," however, C.R. England, the C.R. England Employee Benefit Plan Defendants, the Administrative Committee of the C.R. England, Inc. Profit Sharing, and the Administrative Committee of the C.R. England, Inc. Health and Welfare Benefit Plan have systematically excluded Plaintiff and Class Members from the definition of an "employee" covered by the C.R. England Plans and eligibility to participate in the C.R. England Plans, thereby denying Plaintiff and Class Members benefits they are entitled to receive.

37.    Defendants' conduct is exactly the type of conduct Congress intended to remedy by enacting ERISA and Plaintiff and Class Members are individuals entitled to ERISA's protections.

**It Is Futile For Plaintiff And The Class To Exhaust Administrative Remedies, If Any**

38.    C.R. England has in the past maintained that its Truck Drivers, Plaintiff and the Class, were independent contractors even when Truck Drivers challenged that designation.

39.    Indeed, C.R. England has taken the position in previous litigation against former independent contractor Truck Drivers that certain Labor Code provisions are inapplicable to current and former Truck Drivers such as Plaintiff and the Class because no employment relationship existed and they were independent

00334636.WPD

1    contractors.

2        40.    Accordingly, to the extent Plaintiff's claims are construed to be directed

3    to the interpretation of the C.R. England Plans and not their legality, and to the extent

4    any administrative remedies were available, it would have been futile for Plaintiff and

5    the Class to pursue them.

6

7                                **THE CLASS**

8        41.    Plaintiff brings this action as a class action pursuant to Fed. R. Civ. Proc.

9    23(b)(2) and/or (3), defined as all individuals who worked for CRE in the United

10   States as truck drivers and who were classified by CRE as independent contractors

11   ("Truck Drivers" or the "Class") beginning on the date established by the Court's

12   determination of any applicable statute of limitations, after consideration of any

13   tolling and accrual issues, and ending on a date determined by the Court (the "Class

14   Period").

15       42.    The "Class Period" is the time period beginning on the date established

16   by the Court's determination of any applicable statute of limitations, after

17   consideration of any tolling and accrual issues, and ending on a date as determiend by

18   the Court.

19       43.    Subject to additional information obtained through further investigation

20   and discovery, the Class definition may be expanded or narrowed by amendment or

21   amended complaint.  Specifically excluded from the Class are Defendants and their

22   officers, directors, agents, trustees, parents, children, corporations, trusts,

23   representatives, employees, principals, servants, partners, joint-venturers, or entities

24   controlled by Defendants, and their heirs, successors, assigns, or other persons or

25   entities related to or affiliated with Defendants and/or their officers and/or directors,

26   or any of them, the Judge assigned to this action, and any member of the Judge's

27   immediate family.

28

44.    C.R. England, as a matter of corporate policy, practice and procedure, intentionally, knowingly, wilfully and systematically classified Plaintiff and the other Class Members as independent contractors.

45.    C.R. England maintains records from which the Court can ascertain and identify by job title each of Defendant's employees who as Class Members have been systematically, intentionally and uniformly misclassified as independent contractors as a matter of CRE's corporate policy, practices and procedures.  Plaintiff will seek leave to amend the complaint to include these additional job titles when they have been identified.

46.    The Class is so numerous that joinder of all Class Members is impracticable.

47.    C.R. England, as a matter of corporate policy, practice and procedure, erroneously classified all Truck Drivers as independent contractors.  All Truck Drivers, including Plaintiff, performed the same finite set of tasks and were paid by CRE according to uniform and systematic company procedures.  This business practice was uniformly applied to each and every member of the Class, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

48.    Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class members.  These common legal and factual questions, each of which yield a common answer, include, but are not limited to, the following:

    (a)    Whether Plaintiff and Class Members have the requisite independence and discretion of independent contractors;

    (b)    Whether, based on the conduct of CRE, Plaintiff and the Class Members were, as a matter of law, employees;

    (c)    Whether Plaintiff and the Class members are entitled to participate in C.R. England's benefit plans because they were are, in fact,

employees;

(d) Whether Plaintiff and Class members are entitled to benefits under the various benefit plans C.R. England extends to all other employees;

(e) Whether, if Plaintiff and the Class members are "employees," that these employees represent a significant percentage of the total workforce such that CRE would be required to include them within any employee benefit plan subject to ERISA and offered to all other employees;

(f) Whether the actions of Defendants are applicable to the Class Members as a whole, entitling Class Members to injunctive relief;

(g) Whether Plaintiff and the Class Members are entitled to reimbursement for benefits they should have been receiving as employees during their terms of employment, but which they were improperly denied based on Defendants' misclassification of the Class as independent contractors and not employees;

(h) Whether Plaintiff and Class Members are entitled to reformation of C.R. England's various benefit plans under ERISA Section 502(a)(3) and corresponding recalculation of benefits improperly withheld by Defendants, in order to comply with ERISA's requirements;

(i) Whether Plaintiff and Class members are entitled to an accounting of the C.R. England Benefit Plans surcharging C.R. England, the Administrative Committee of the C.R. England, Inc. Profit Sharing, and the Administrative Committee of the C.R. England, Inc. Health and Welfare Benefit Plan for their failure to comply with the respective terms of each of the C.R. England Plans, the

IRC and ERISA, thus preventing their unjust enrichment.

49.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     The persons who comprise the Class are so numerous that the joinder of all Class Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Class and will apply uniformly to every Class Member;

(c)     The claims of the representative Plaintiff are typical of the claims of each Class Member.   Plaintiff, like all other Class Members was improperly classified as an independent contractor and was thus denied ERISA benefits.  Plaintiff and all other Class Members sustained economic injuries arising from Defendants' violations of the law; and

(d)     The representative Plaintiff will fairly and adequately represent and protect the interest of the Class Members, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative Plaintiff and the members of the Class that would make class certification inappropriate.

50.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual Class

Members will create the risk of:

1)  Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or

2)  Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)  Common questions of law and fact predominate as to the Class Members with respect to the practices and violations of law as listed above, and predominate over any question affecting only individual Class Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the Class Members in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual Class Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.  Inconsistent or varying adjudications with respect to individual Class Members, which would establish

1    incompatible standards of conduct for the

2    Defendants; and/or

3    B.    Adjudications with respect to individual Class

4    Members would as a practical matter be dispositive

5    of the interests of the other members not parties to the

6    adjudication or substantially impair or impede their

7    ability to protect their interests;

8    3)    The likelihood that a substantial number of individual Class

9    Members will avoid asserting their legal rights out of fear of

10    retaliation by Defendants, which may adversely affect an

11    individual's job with CRE or with a subsequent employer,

12    the Class Action is the only means to assert their claims

13    through a representative; and

14    4)    A class action is superior to other available methods for the

15    fair and efficient adjudication of this litigation because class

16    treatment will obviate the need for unduly and unnecessary

17    duplicative litigation that is likely to result in the absence of

18    certification of this action pursuant to Fed. R. Civ. Proc.

19    23(b)(2) and/or (3).

20    51.    This Court should permit this action to be maintained as a Class Action

21    pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

22    (a)    The questions of law and fact common to the Class Members

23    predominate over any question affecting only individual Class

24    Members;

25    (b)    A Class Action is superior to any other available method for the

26    fair and efficient adjudication of the claims of the members of the

27    Class because in the context of employment litigation a substantial

28

CLASS ACTION COMPLAINT
-16-

1    number of individual Class Members will avoid asserting their

2    rights individually out of fear of retaliation or adverse impact on

3    their employment;

4    (c)   The Class Members are so numerous that it is impractical to bring

5    all Class Members before the Court;

6    (d)   Plaintiff, and the other Class Members, will not be able to obtain

7    effective and economic legal redress unless the action is

8    maintained as a Class Action;

9    (e)   There is a community of interest in obtaining appropriate legal

10    and equitable relief for the acts of unfair competition, statutory

11    violations and other improprieties, and in obtaining adequate

12    compensation for the damages and injuries which Defendants'

13    actions have inflicted upon Class Members;

14    (f)   There is a community of interest in ensuring that the combined

15    assets of Defendants are sufficient to adequately compensate Class

16    Members for the injuries sustained;

17    (g)   Defendants have acted or refused to act on grounds generally

18    applicable to the Class Members, thereby making final class-wide

19    relief appropriate with respect to the Class Members as a whole;

20    (h)  The Class Members are readily ascertainable from the business

21    records of CRE; and,

22    (i)   Class treatment provides manageable judicial treatment calculated

23    to bring an efficient and rapid conclusion to all litigation of all

24    ERISA-related claims out of the conduct of Defendants.

///

25   ///

26   ///

27   ///

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# FIRST CAUSE OF ACTION

## DECLARATORY RELIEF UNDER ERISA

### Against all Defendants

52.     Plaintiff, and the other members of the Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

53.     Plaintiff, for himself and on behalf of all Class Members, seeks a declaration pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), and 28 U.S.C. §2201 and 2202, of their rights under federal law and CRE's Agreements and plans and the rights and liabilities of the parties herein.  Specifically, Plaintiff, for himself and on behalf of all Class Members, seeks a declaration:

(A)     That they were "employees";

(B)     That Plaintiff and the Class Members are "employees" eligible for benefits under the employee benefit plans CRE offers to other employees;

(C)     That certain provisions of the C.R. England Plans violate ERISA;

(D)     That Plaintiff and the Class are entitled to reformation of the contracts and restitution and/or surcharge of benefits improperly withheld by Defendants in order to comply with ERISA's requirements;

(E)     As to which of the Defendants are fiduciaries or co-fiduciaries of the C.R. England Plans within the meaning of ERISA;

(F)     That with respect to any Defendants who are not expressly designated as fiduciaries under the operative documents of the C.R. England Plans, a determination as to their fiduciary status, having acted in a fiduciary capacity under ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and in so doing are required to comply with ERISA's fiduciary standards;

(G)     That Defendants who are fiduciaries or co-fiduciaries of the C.R.

England Plans within the meaning of ERISA have breached their fiduciary duties and violated federal law under the requirements of ERISA, thereby giving rise to direct personal liability; and

(H)    That Defendants who have breached their fiduciary duties under ERISA have created individual corporate or personal liabilities.

54.    As a result of the actions and failings of Defendants, Plaintiff and the Class members know they have suffered injury and have therefore retained the services of legal counsel and have necessarily incurred attorneys' fees and costs in prosecuting this action. Furthermore, Plaintiff anticipates incurring additional attorneys' fees and costs in prosecuting this action, all in an amount which is currently unknown. Plaintiff therefore requests an award of attorneys' fees and costs in an amount to be determined pursuant to 29 U.S.C. § 1132(g)(1).

## SECOND CAUSE OF ACTION
### INJUNCTIVE RELIEF
### Against all Defendants

55.    Plaintiff, and the other members of the Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

56.    Defendants have been withholding benefits properly due to the independent contractor Truck Drivers for decades.

57.    That practice continues today and has damaged, and is currently damaging, Plaintiff and Class Members.

58.    Plaintiff and Class Members therefore request that this Court issue an injunction prohibiting CRE from continuing to misclassify the Truck Drivers as independent contractors, prohibiting Defendants from continuing to withhold employee benefits from the independent contractor Truck Drivers; prohibiting

1  Defendants from implementing benefit plans which do not comply with ERISA; and

2  ordering Defendants to recalculate and pay benefits under the proper calculation of

3  benefits as provided by ERISA.

4        59.    Plaintiff and the Class Members seek the removal of all fiduciaries of the

5  C.R. England Plans and the appointment of successor fiduciaries for each of the C.R.

6  England Plans pursuant to Plaintiff's selection and the court's approval.

7        60.    Plaintiff and the Class members additionally seek a permanent injunction

8  enjoining Defendants and fiduciaries who have breached their duties under ERISA

9  from serving as ERISA fiduciaries in the future.

10        61.    As a result of the actions and failings of Defendants, Plaintiff and the

11  Class members know they have suffered injury and have therefore retained the

12  services of legal counsel and have necessarily incurred attorneys' fees and costs in

13  prosecuting this action. Furthermore, Plaintiff anticipates incurring additional

14  attorneys' fees and costs in prosecuting this action, all in an amount which is

15  currently unknown. Plaintiff therefore requests an award of attorneys' fees and costs

16  in an amount to be determined pursuant to 29 U.S.C. § 1132(g)(1).

17

18                       **THIRD CAUSE OF ACTION**

19        **CLAIM FOR BENEFITS UNDER ERISA §502(a)(1)(B)**

20                     **Against all Defendants**

21        62.    Plaintiff, and the other members of the Class, reallege and incorporate by

22  this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

23

24        63.    ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), authorizes a

25  participant or beneficiary of a plan to bring a civil action to recover benefits due

26  under the terms of the plan, to enforce his rights under the terms of the plan, and to

27  clarify his rights to future benefits under the plan.

28

00334636.WPD

64.     Defendant provides an employee pension benefit plan (i.e., the C.R. England Profit Sharing) and an employee welfare benefit plan (i.e., the C.R. England Health and Welfare Benefit Plan) to current employees, both of which are employee benefit plans subject to and governed by ERISA.

65.     The C.R. England Profit Sharing covers substantially all of CRE's employees who have attained age 19 and completed one year of service.

66.     All of CRE's employees are eligible to participate in the C.R. England, Inc. Health and Welfare Benefit Plan.

67.     As employee benefit plans subject to ERISA, the C.R. England Plans must comply with 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements. See also 29 U.S.C. §1202(c) (explicitly incorporating Treasury regulations promulgated under 26 U.S.C. §§410(a), 411 & 412).

68.     A plan that fails to comply with the requirements of 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements, must be brought into retroactive compliance. *See e.g.* 26 C.F.R. § 1.410(b)-8(a)(1)("A plan must satisfy section 410(b) for a plan year...[A]mendments retroactively correcting a plan in accordance with § 1.401(a)(4)-11(g) are taken into account as plan provisions in effect as of the last day of the plan year.").

69.     Relying on their mischaracterization of Plaintiff and Class Members as "independent contractors," however, Defendants have systematically excluded Plaintiff and Class Members from the definition of an "employee" covered by the C.R. England Plans and eligibility to participate in the C.R. England Plans.

70.     Plaintiff and Class Members are "employees" under ERISA and the Class represents a significant percentage of CRE's workforce that it had to cover under the terms of the C.R. England Plans to comply with 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements.

71.     By excluding Plaintiff and Class members from the definition of an

00334636.WPD

"employee" covered by the C.R. England Plans, Defendants have, upon information and belief, violated 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements. Indeed, upon information and belief, the Class represents at least 25% of CRE's workforce.

72. Defendants' refusal to implement C.R. England Plans in compliance with ERISA and 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements, was unlawful.

73. Defendants' ERISA violations have damaged Plaintiff and the Class, including but not limited to benefits due and owing had the C.R. England Plans offered to all other current employees complied with ERISA.

74. Defendant's conduct has caused actual harm to Plaintiff and Class members in an amount to be proven at trial.

75. 29 U.S.C. § 1132(g)(1) [ERISA § 502(g)(1)] entitles plaintiffs who prevail in obtaining any of the benefits for which the plaintiffs brought suit to an award of reasonable attorneys' fees and costs of action under the remedial purposes and policies of ERISA. As a result of the actions and failings of Defendants, and each of them, Plaintiff and the Class members know themselves and the C.R. England Plans to have suffered harm and have therefore retained the services of legal counsel and have necessarily incurred attorneys' fees and costs in prosecuting this action. Furthermore, Plaintiff and the Class members anticipate incurring additional attorneys' fees and costs in prosecuting this action, all in an amount which is currently unknown. Plaintiff and the Class members therefore request an award of attorneys' fees and costs in an amount to be determined pursuant to 29 U.S.C. § 1132(g)(1).

///

///

///

# FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

## UNDER ERISA §§ 409, 502(a)(2) and (3). 404, and 405

### Against C.R. England, the Administrative Committee of the C.R. England, Inc. Profit Sharing, and the Administrative Committee of the C.R. England, Inc. Health and Welfare Benefit Plan

76. Plaintiff, and the other members of the Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

77. ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia*, that a plan fiduciary discharge his or her duties with respect to a plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims, and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with Title I of ERISA.

78. ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia*, that any person who is a fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the plan any losses to the plan resulting from each such breach, and additionally is subject to such other equitable or remedial relief as the court may deem appropriate, including removal of the fiduciary.

79. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a participant to bring an action for relief under ERISA § 409, 29 U.S.C. § 1109.

80. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a participant to bring an action to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to enforce the terms of an employee benefit plan.

00334636.WPD

81.     Defendants, and each of them as fiduciaries to the Plan, in one way or another breached their fiduciary duties to the Plan under ERISA. These breaches of fiduciary duties include, but are not limited to, misclassifying employees such as Plaintiff and the Class Members as independent contractors and thereby depriving them of rights and protections afforded them under ERISA, failing to follow the terms of the C.R. England Plans, and failing to operate and administer the C.R. England Plans in accordance with their respective terms, the IRC and ERISA.

82.     Defendants' conduct has harmed the C.R. England Plans by, among other things, jeopardizing their qualification under the IRC, and has further caused actual harm to Plaintiff and Class members in an amount to be proven at trial.

83.     29 U.S.C. § 1132(g)(1) [ERISA § 502(g)(1)] entitles plaintiffs who prevail in obtaining any of the benefits for which the plaintiffs brought suit to an award of reasonable attorneys' fees and costs of action under the remedial purposes and policies of ERISA. As a result of the actions and failings of Defendants, and each of them, Plaintiff and the Class members know themselves and the C.R. England Plans to have suffered harm and have therefore retained the services of legal counsel and have necessarily incurred attorneys' fees and costs in prosecuting this action. Furthermore, Plaintiff and the Class members anticipate incurring additional attorneys' fees and costs in prosecuting this action, all in an amount which is currently unknown. Plaintiff and the Class members therefore request an award of attorneys' fees and costs in an amount to be determined pursuant to 29 U.S.C. § 1132(g)(1).

///
///
///
///
///
///

00334636.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIFTH CAUSE OF ACTION**

**CLAIM TO ENJOIN ACTS OR PRACTICES IN VIOLATION OF ERISA**

**AND FOR OTHER APPROPRIATE RELIEF UNDER ERISA §502(a)(3)**

**Against C.R. England, the Administrative Committee of the C.R. England, Inc.**

**Profit Sharing, and the Administrative Committee of the C.R. England, Inc.**

**Health and Welfare Benefit Plan**

84.     Plaintiff, and the other members of the Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

85.     ERISA Section 502(a)(3) empowers a plan participant or beneficiary to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. §1132(a)(3).

86.     Relying on their mischaracterization of Plaintiff and Class members as "independent contractors," Defendants have systematically excluded Plaintiff and Class members from the definition of an "employee" covered by the C.R. England Plans and eligibility to participate in the C.R. England Plans.

87.     Plaintiffs and Class Members are "employees" under ERISA and the Class represents a significant percentage of CRE's workforce that Defendants had to cover under the terms of the C.R. England Plans to comply with 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements.

88.     By excluding Plaintiff and Class Members from the definition of an "employee" covered by the C.R. England Plans, Defendants have, upon and information and belief, violated 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements.  Indeed, upon information and belief, the Class represents at least 25% of CRE's workforce.

89.     Defendants C.R. England, the Administrative Committee of the C.R.

England, Inc. Profit Sharing, and the Administrative Committee of the C.R. England, Inc. Health and Welfare Benefit Plan misclassification of Truck Drivers as independent contractors, as well as their refusal to implement the C.R. England Plans in compliance with ERISA and 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements, was unlawful and a breach of their fiduciary duties to administer the C.R. England Plans in accordance with ERISA. *See* 29 U.S.C. §1104(a)(1)(D)("a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and...in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter.").

90.     Plaintiff and Class members are entitled to equitable relief under ERISA §502(a)(3), including reforming the C.R. England Plans to include Plaintiff and the Class and to comply with ERISA and 26 U.S.C. §410(b) and §105(h), including the minimum coverage requirements, and requiring Defendants to pay restitution in the form of a surcharge or otherwise credit Plaintiff and Class Members for all ERISA benefits to which they are retroactively entitled under the C.R. England Plans in order to be made whole and to prevent Defendants' unjust enrichment.

91.     Defendants' conduct has harmed the C.R. England Plans by, among other things, jeopardizing their qualification under the IRC, and has further caused actual harm to Plaintiff and Class Members in an amount to be proven at trial.

92.     29 U.S.C. § 1132(g)(1) [ERISA § 502(g)(1)] entitles plaintiffs who prevail in obtaining any of the benefits for which the plaintiffs brought suit to an award of reasonable attorneys' fees and costs of action under the remedial purposes and policies of ERISA. As a result of the actions and failings of Defendants, and each of them, Plaintiff and the Class members know themselves and the C.R. England Plans to have suffered harm and have therefore retained the services of legal counsel and have necessarily incurred attorneys' fees and costs in prosecuting this action.

1  Furthermore, Plaintiff and the Class Members anticipate incurring additional

2  attorneys' fees and costs in prosecuting this action, all in an amount which is

3  currently unknown. Plaintiff and the Class members therefore request an award of

4  attorneys' fees and costs in an amount to be determined pursuant to 29 U.S.C. §

5  1132(g)(1).

6

7                                   **PRAYER FOR RELIEF**

8         WHEREFORE, Plaintiff individually, and on behalf of all others similarly

9  situated, demands judgment against the Defendants and relief from this Court as

10  follows:

11         A.    An order certifying the Class as described with the named Plaintiff as

12               Class Representative(s) and appointing undersigned counsel as Lead

13               Counsel for the Class;

14         B.    A declaration that Plaintiff and Class members are legal "employees",

15               for all purposes, including, but not limited to, ERISA;

16         C.    A declaration that because Defendants excluded Plaintiff and the Class

17               from participating in the C.R. England Plans, the C.R. England Plans are

18               not in compliance with ERISA and 26 U.S.C. §410(b) and §105(h),

19               including the minimum coverage requirements;

20         D.    A declaration as to which of the Defendants are fiduciaries or co-

21               fiduciaries of the C.R. England Plans within the meaning of ERISA;

22         E.    A declaration that with respect to any Defendants who are not expressly

23               designated as fiduciaries under the operative documents of the C.R.

24               England Plans, a determination as to their fiduciary status, having acted

25               in a fiduciary capacity under ERISA §3(21)(A), 29 U.S.C.

26               §1002(21)(A), and in so doing are required to comply with ERISA's

27               fiduciary standards;

28         F.    A declaration that Defendants who are fiduciaries or co-fiduciaries of the

00334636.WPD

1    C.R. England Plans within the meaning of ERISA have breached their

2    fiduciary duties and violated federal law under the requirements of

3    ERISA, thereby giving rise to direct personal liability;

4    G.    A declaration that Defendants who have breached their fiduciary duties

5    under ERISA have created individual corporate or personal liabilities;

6    H.    Payment to Plaintiff and the Class of all amounts due under the C.R.

7    England Plans had the plans complied with ERISA;

8    I.    An order reforming the C.R. England Plans to include Plaintiff and the

9    Class and to comply with ERISA and 26 U.S.C. §410 (b) and §105(h),

10    including the minimum coverage requirements, and requiring

11    Defendants to pay restitution in the form of a surcharge or otherwise

12    credit Plaintiff and Class members for all ERISA benefits to which they

13    are retroactively entitled under the C.R. England Plans in order to be

14    made whole and to prevent Defendants' unjust enrichment;

15    J.    An injunction barring Defendants from continuing to misclassify the

16    Class as "independent contractors" and to classify them as "employees";

17    K.    Removal of all fiduciaries of the C.R. England Plans found to have

18    breached their fiduciary duties under ERISA, and for the appointment of

19    successor fiduciaries pursuant to Plaintiff's selection and the court's

20    approval;

21    L.    A permanent injunction enjoining the ERISA fiduciary-Defendants from

22    serving as ERISA fiduciaries in the future;

23    M.    An award of attorneys' fees, plus the costs and expenses of this action;

24    N.    Pre- and post-judgment interest, as afforded by law; and

25    ///

26    ///

27    ///

28    ///

00334636.WPD

1      O.    All such other legal and equitable relief to which Plaintiff and the Class

2      are entitled.

3

4  Dated:   October 12, 2017        BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

5

6                       By: */s/ Norman Blumenthal*

                             Norman B. Blumenthal

7                               Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00334636.WPD